IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| LALINDA FINLEY-SWANSON, ) | |
| ) | |
| Plaintiff, ) | 8:11CV362 |
| ) | |
| v. ) | |
| ) | |
| CASS COUNTY BANK, JEFFREY ) | MEMORANDUM OPINION |
| B. SWANSON, DENNIS BROWN, ) | |
| MATTHEW S. HIGGINS, and ) | |
| FIRST NEBRASKA TITLE COMPANY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendants' Motions to Dismiss (Filing Nos. 26, 31, 33 and 38). As set forth below, the Motions will be granted.

### I.   BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed this matter on October 17, 2011.[1] (Filing No. 1.) This matter relates entirely to defendant Jeffrey B. Swanson's purchase of real property and its effect on his and plaintiff's ongoing divorce proceedings. (Filing No. 20.)[2]

---

[1] Plaintiff filed a nearly-identical, related case on October 13, 2011, against some of the same defendants. (Case No. 8:11CV357, Filing No. 1.) For the same reasons as set forth in this Memorandum Opinion, the Court will also dismiss that separate matter.

[2] Plaintiff filed her Amended Complaint on December 7, 2011. (Filing No. 20.) In accordance with NECivR 15.1, the Amended Complaint "supersedes the pleading amended in all respects." Thus, only the claims and defendants contained in the Amended Complaint are before the Court.

In their Motions to Dismiss, defendants argue that dismissal is warranted because this Court lacks subject matter jurisdiction, because plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, and because this Court should abstain from hearing in light of the underlying, ongoing state-court divorce matter. Despite having several months in which to do so, plaintiff did not respond to the Motions to Dismiss. (*See* Docket Sheet.)

## *II.  DEFENDANTS' MOTIONS TO DISMISS*

Defendants argue that the claims against them should be dismissed because, among other things, plaintiff may raise her claims in the ongoing state-court divorce proceedings. (Filing No. 27 at CM/ECF p. 2; Filing No. 32 at CM/ECF pp. 7-8; Filing No. 35 at CM/ECF pp. 3-4; Filing No. 39 at CM/ECF p. 6.) The Court agrees.

To promote comity between state and federal judicial bodies, "federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that

proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996); *see also Parejko v. Dunn Cnty. Cir. Ct.*, 209 F. App'x 545, 546-47 (7th Cir. 2006) ("[F]ederal courts have long recognized that domestic relations litigation-from marriage to divorce-is an area of significant state concern from which the federal judiciary should generally abstain under *Younger*."); *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("In addition . . . when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction. In the case at bar, we determine that [the plaintiff's] claims for relief, although drafted to sound in tort, are so inextricably intertwined with the prior property settlement incident to the divorce proceeding that subject matter jurisdiction does not lie in the federal court.").

Here, plaintiffs' pleadings show that she is involved in an ongoing divorce action in Nebraska state court, which is currently pending on appeal. (Filing No. 20 at CM/ECF p. 1.) Indeed, plaintiff alleges in her Amended Complaint that defendant Swanson, with the help of the remaining defendants, "defrauded and denied Plaintiff" an interest in the "marital property" when he recently purchased a home "without Plaintiff's knowledge or

consent and with proceeds from the parties' marital estate." (*Id.* at CM/ECF pp. 1-2.)  Plaintiff further alleges that defendants "knew or should have known" that the purchase of the property may affect the ongoing divorce proceedings.  (*Id.* at CM/ECF p. 3.)  Plaintiff also complains of other unspecified "attempts to defraud Plaintiff throughout the parties' divorce proceedings."  (*Id.* at CM/ECF p. 4.)  Plaintiff requests that the court file criminal charges against defendants, award her monetary relief, direct the Douglas County, Nebraska, Register of Deeds Office to add plaintiff's name to the property deed, and "enter an Order requiring the Nebraska Court of Appeal [sic] to hold the proceedings pending before [it] . . . in abeyance pending final disposition of" this matter.  (*Id.* at CM/ECF pp. 7-9.)

      These allegations clearly show that there is a parallel, ongoing divorce proceeding in state court which implicates important state interests involving domestic relations.[3]  In addition, plaintiff did not respond to the

---

[3] To the extent the divorce proceedings are now final, this court would be barred from exercising jurisdiction over that final state-court judgment because the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state-court judgments.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); *see also* Jacobs v. Gear Props., 2 F. App'x 617, 617 (8th Cir. 2001) (affirming dismissal of civil rights action relating to state-court eviction in accordance with *Rooker-Feldman* doctrine).

Motions to Dismiss, and has therefore not alleged or demonstrated that the ongoing state-court divorce proceedings will not provide her with the opportunity to raise the claims and arguments raised in her Amended Complaint.  *Plouffe v. Ligon*, No. 08-3996, 2010 WL 2178863, *2 (8th Cir. June 2, 2010) (applying *Younger* and finding abstention warranted where the plaintiff failed to show that the state court proceedings did "not afford him an adequate opportunity to raise his constitutional claims").  Accordingly, the Court will abstain from exercising jurisdiction over plaintiff's claims.  However, the Court will dismiss plaintiff's Amended Complaint without prejudice to reassertion in state court.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 8th day of March, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.